IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE LOPEZ, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 07-39 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge McLaughlin |
| MARILYN BROOKS, | ) | Chief Magistrate Judge Baxter |
| et al., | ) | |
| | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Petitioner, Jorge Lopez, be denied and that a certificate of appealability be denied.

**II.     REPORT**

Petitioner is a state prisoner currently incarcerated at the State Correctional Institution located in Albion, Pennsylvania. He is serving a judgment of sentence imposed by the Court of Common Pleas of Erie County on November 2, 2004. He has filed a habeas petition pursuant to 28 U.S.C. § 2254. (Docket # 5).

**A.     Relevant Factual and Procedural History**

Between October 2003 and December 2003, Petitioner videotaped multiple incidents of himself having sexual contact with a nine-year-old child. On December 24, 2003, Petitioner's daughters discovered the videotape and confronted him. During the confrontation, Petitioner attacked his two daughters and two other individuals with a large knife. Petitioner's daughters reported the incident to the police, and he was arrested. (See State Court Record ("SCR") # 26).

Elizabeth Malc Dwyer, Esquire, appeared on behalf of Petitioner. On July 7, 2004, he pleaded guilty to three counts of indecent assault, and one count each of corruption of minors,

1

simple assault, and possessing an instrument of crime in a proceeding presided over by the Honorable William R. Cunningham. On November 2, 2004, Judge Cunningham sentenced Petitioner to four consecutive terms of eighteen to sixty months' incarceration (all high end standard range sentences under the Pennsylvania sentencing guidelines). (11/2/04 Tr. at 8-14; SCR # 16, # 17).

After Judge Cunningham denied Petitioner's motion to modify his sentence (SCR # 25), Petitioner, through counsel, filed an appeal with the Superior Court of Pennsylvania. He raised the following claims:

1. Did the trial court commit reversible error by handing down a manifestly excessive and clearly unreasonable sentence, particularly in its consecutiveness, since all charges arose from a single episode or event and the trial court failed to state reasons why a concurrent sentence would not be appropriate in the situation?

2. Did the trial court violate the fundamental norms which underlie the sentencing code in failing to set forth a sufficient expression of reasons for its sentence on the record and by failing to individualize the sentence by failing to take into account mitigating facts?

(SCR # 26).

On August 4, 2005, the Superior Court issued a Memorandum affirming Petitioner's judgment of sentence. It noted that sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion. (Id. at 2-3 (citing Commonwealth v. Ritchey, 779 A.2d 1183, 1185 (Pa.Super.Ct. 2001)). The Superior Court held that Judge Cunningham did not abuse his discretion in sentencing Petitioner. It also held that Petitioner's contention that Judge Cunningham failed to state adequate reasoning on the record for imposing his sentence was waived because that claim was not raised at the sentencing hearing or in the post-sentence motion. (Id. at 2-6). Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania. (See SCR # 32 at 4).

On June 19, 2006, Petitioner filed a *pro se* post-conviction motion pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. (SCR # 29). It appears that Petitioner raised substantially the same claims that he had raised on direct appeal, *i.e.*, that the sentence imposed is manifestly excessive and is in violation of the sentencing code, and

2

that Judge Cunningham failed to state adequate reasoning on the record for imposing the sentence. Petitioner also contended that he received ineffective assistance of counsel; however, he did not assert any facts to support this claim. Judge Cunningham appointed William Hathaway, Esquire, to represent Petitioner. Hathaway subsequently filed a motion to withdraw as counsel accompanied by a "no merit" letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa.Super.Ct. 1988).

On October 24, 2006, Judge Cunningham denied PCRA relief. (SCR # 32, # 33). He held that Petitioner's sentencing claims were previously litigated and waived. He further observed: "Not every challenge to a sentence is cognizable under the PCRA. PCRA relief is available only for sentences greater than the lawful maximum." (SCR # 32 at 4 (quoting Commonwealth v. Hernandez, 755 A.2d 1, 4 (Pa.Super.Ct. 2000)). Because Petitioner's individual sentences did not exceed the lawful maximum, Judge Cunningham ruled that Petitioner failed to state a claim for relief under the PCRA. Judge Cunningham did not address the ineffective assistance of counsel claim, presumably because Petitioner did not advance any facts or argument to support it.

Petitioner did not appeal Judge Cunningham's decision denying PCRA relief. Instead, he commenced proceedings in this Court by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 5).

### B. Discussion

In his first claim for habeas relief, Petitioner contends that the "sentence of the [state] court failed to meet the requirements of the Pa. Sentencing Code." (Docket # 5, ¶ 13). This claim does not assert a claim for relief under 28 U.S.C. § 2254. Federal habeas review is limited to considering violations of the federal constitution, not state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). A challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates a federal constitutional limitation. Chapman v. United States, 500 U.S. 453, 465 (1991) ("[A] person who has been so convicted is eligible for, and the court may impose, whatever punishment is authorized by statute for his offense, so long as that penalty is not cruel and unusual ... and so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clause."); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (federal habeas

3

review of state court's application of constitutionally narrowed aggravating circumstance is limited, at most, to determining whether state court's finding was so arbitrary or capricious as to constitute independent due process or Eighth Amendment violation). Here, Petitioner does not allege that his sentence violates any provision of the federal constitution. Accordingly, this claim should be denied for failure to state a claim upon which relief may be granted. See, e.g., Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir.1984) (denying habeas petitioner's challenge to his state sentence; claim asserts error of state law and does not implicate the federal constitution).

In his second claim for habeas relief, Petitioner asserts generally that he received "ineffective assistance of counsel." Such claims are analyzed under the familiar two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To establish that counsel's performance was constitutionally deficient under the Sixth Amendment, a petitioner must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that he suffered prejudice, meaning that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.

Petitioner raised the same unspecific allegation of ineffective assistance in his PCRA petition. He did not appeal Judge Cunningham's denial of PCRA relief. Therefore, he failed to exhaust this claim and it is now procedurally defaulted. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Lines v. Larkin, 208 F.3d 153, 162-66 (3d Cir. 2000). Moreover, Petitioner does not provide any factual or legal support for his ineffective assistance claim. Thus, even if this Court could consider the claim on the merits, it would not entitle Petitioner to habeas relief.

### C. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of

4

the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying those standards here, jurists of reason would not find it debatable whether Petitioner's claims are without merit and whether the ineffective assistance of counsel claim is procedurally defaulted. Accordingly, a certificate of appealability should be denied.

## III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for writ of habeas corpus, as amended, be denied and that a certificate of appealability be denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B), the parties are allowed 10 days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have 7 days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).


    /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Dated: June 26, 2008    Chief U.S. Magistrate Judge